# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROSALEE ZARROW,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:25-CV-00361 |
| | ) |
| **ROBERTSON COUNTY SHERIFF'S** | ) JUDGE CAMPBELL |
| **DEPARTMENT,** *et al.*, | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Rosalee Zarrow, a resident of Ardmore, Pennsylvania, filed this pro se action against the Robertson County Sheriff's Department, Officer Kameron Barbee, Deputy Nate Miller, and Forensic Scientist Melissa Kingamen, alleging violations of Plaintiff's civil rights. (Doc. No. 1). The Court must first resolve the matter of the filing fee.

## I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

1

By Order entered on May 30, 2025, the Court denied Plaintiff Rosalee Zarrow's Application for Leave to Proceed In Forma Pauperis ("IFP Application") without prejudice. (Doc. No. 8). Plaintiff subsequently filed two revised IFP Applications, one apparently before she began her new job (Doc. No. 9) and another after she began that job. (Doc. No. 12). In any event, both IFP Applications demonstrate that Plaintiff cannot afford to pay the civil filing fee in this case without undue hardship. Accordingly, her request for pauper status is **GRANTED**.[1]

## II. SCREENING OF THE IN FORMA PAUPERIS AMENDED COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

---

[1] The Clerk shall **GRANT** the more-recently filed IFP Application (Doc. No. 12) and **DENY AS MOOT** the earlier-filed IFP Application (Doc. No. 9).

Here, Plaintiff alleges that, on August 24, 2022, and again August 26, 2022, she was pulled over in Robertson County, Tennessee, and charged with driving under the influence. She alleges that she was not under the influence on either date; therefore, Defendants unlawfully arrested her and denied her access to her lab results. She also alleges that a forensic scientist refused to give Plaintiff "her blood lab work so that [she] can verify to Uber/Lyft Companies that [her] blood lab came back negative to keep working." (Doc. No. 1 at 4).

Plaintiff asserts claims under 42 U.S.C. § 1983. "There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 Fed. Appx. 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). It is the Court's responsibility to "determine whether the alleged precipitating event or events occurred

more than a year before [the plaintiff] filed the complaint." *Standridge v. Tenn. Dep't of Children's Servs.*, No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, Plaintiff filed her complaint on April 1, 2025. (*See* Doc. No. 1 at 7). The claims set forth in the complaint arise from incidents that occurred, by Plaintiff's own admission, in August of 2022. (*Id*. at 4). There is nothing in the complaint suggesting that Plaintiff would not have known or did not have reason to know of the claimed injuries which are the basis of her action well before April 1, 2025. Thus, Plaintiff's claims are barred by the governing one-year statute of limitations for Section 1983 claims in Tennessee.

### III. CONCLUSION

Plaintiff's Section 1983 claims (the sole claims brought in the complaint) were filed outside of the governing one-year statute of limitations and are therefore **DISMISSED**.

Plaintiff's Motion for Entry of Default (Doc. No. 10) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE